UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: Michael B. White and
Darla Kay White,

        Debtors,

MICHAEL B. WHITE, and
DARLA KAY WHITE,

        Appellants,        Case No. 17-cv-12394
v.        Honorable Thomas L. Ludington

COLLENE K. CORCORAN, United States Trustee,    Bankruptcy Case No. 13-21977-dob
Frankenmuth Credit Union

        Appellees.

_____/

## ORDER AFFIRMING BANKRUPTCY COURT

On September 25, 2017, Debtor Michael B. White (White) initiated this appeal of the Bankruptcy Court's order denying debtor's corrected motion to compel trustee to pay debtor's costs of sale expenses from the sale proceeds of 11085 Block Road and denying recovery pursuant to 11 U.S. 506(c). Bkr. ECF No. 696. White also appeals the Bankruptcy Court's order denying his request for an evidentiary hearing concerning the bankruptcy estate's financial condition. Bkr. ECF No. 697. White filed his brief on October 10, 2017. ECF No. 5. Trustee Collene K Corcoran and creditor Frankenmuth Credit Union each filed briefs on November 27, 2017. ECF Nos. 7, 8. White filed a reply on December 15, 2017. ECF No. 9.

**I.**

A full factual summary of the Bankruptcy proceedings was set forth in the Court's November 29, 2016, order denying White's motion to strike and granting in part Attorney

Budzynski's motion to dismiss. ECF No. 14 (16-cv-11188) (the facts below relate only to the current appeal).

On March 6, 2017, White moved to compel the Trustee to pay debtor's costs of sale expenses from the sale proceeds of 11085 Block Road. Bkr. ECF No. 610. White sought reimbursement for $24, 697 allegedly incurred for "care, maintenance, and preservation," during the time he was living at the property. *Id.* at 2. White contended he was entitled to reimbursement because the "Trustee's attorney very specifically requested Michael White remain in the home and bear various costs as it would benefit the estate by bringing a higher sale price." *Id.* at 2. Specifically, White sought reimbursement for $9,042 of adequate protection payments he was ordered to remit Frankenmuth Credit Union ($822/month), $3,500 in Homeowner's insurance, $1,700 in Saginaw County Treasury Taxes, $5,255 in Consumers Energy Bills, and $5,200 in lawn care. *Id.* On May 10, 2017, White filed a corrected motion specifying that his request for relief was being made pursuant to 11 U.S.C. § 506(c). Bkr. ECF No. 669.

On April 20, 2017, White moved for an evidentiary hearing "to establish the true financial condition of the bankruptcy estate as to what assets, if any have a net material value to unsecured creditors." Bkr. ECF No. 665. A corrected motion was filed on May 11 correcting the notice, certificate of service, and proposed order. Bkr. ECF No. 668.

**II.**

The Bankruptcy Court held a hearing on the motions on June 8, 2017 and denied both motions. With respect to the motion to compel costs, the court found no basis to award costs under § 506(c). The court noted at the outset that § 506(c) expressly grants the right to recover preservation costs only to the Trustee. Hr'g Tr. at 16:13-22, Bkr. ECF No. 731. The court noted

that this right has been extended "to Chapter 11 debtors in possession because under Chapter 11 . . . debtors in possession are -- are basically given or burdened with the duties and obligations of a trustee, so therefore it makes perfect sense to the Court that the word trustee under 506, which applies to all chapters in the Bankruptcy Code, include debtors in possession." *Id*. The court found, however, that adequate protection ordered to be paid to a creditor cannot be subject to reimbursement, as such funds would cease to be adequate protection if they were reimbursable. *Id.* at 16:23-17:13. With respect to the expenses Mr. White incurred, the court concluded that § 506(c) provides no such right to a Chapter 7 debtor. *Id.* at 17:14-24.

With respect to the motion for an evidentiary hearing, the court found that the trustee had filed complete annual reports, and that White had identified no issue to be explored at an evidentiary hearing. *Id.* at 33:19-34:5. The court found that White's motion was really an attack on the court's approval of the sale of the property. *Id.* at 33:6-11.

### III.

Final orders of a bankruptcy court are appealable to a federal district court under 28 U.S.C. § 158(a). *In re Gourlay*, 496 B.R. 857, 859 (E.D. Mich. 2013). "Th[is] Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *Id*. (citing *AMC Mortg. Co. v. Tenn. Dep't of Revenue,* 213 F.3d 917, 920 (6th Cir.2000)).

### A.

With respect to the motion to compel costs, only the Bankruptcy Court's conclusions of law are at issue. The court made no finding as to whether the alleged costs were actually incurred, other than the adequate protection payment that the court had previously ordered.

11 U.S.C. § 506(c) provides: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such

that this right has been extended "to Chapter 11 debtors in possession because under Chapter 11 . . . debtors in possession are -- are basically given or burdened with the duties and obligations of a trustee, so therefore it makes perfect sense to the Court that the word trustee under 506, which applies to all chapters in the Bankruptcy Code, include debtors in possession." *Id*. The court found, however, that adequate protection ordered to be paid to a creditor cannot be subject to reimbursement, as such funds would cease to be adequate protection if they were reimbursable. *Id.* at 16:23-17:13. With respect to the expenses Mr. White incurred, the court concluded that § 506(c) provides no such right to a Chapter 7 debtor. *Id.* at 17:14-24.

With respect to the motion for an evidentiary hearing, the court found that the trustee had filed complete annual reports, and that White had identified no issue to be explored at an evidentiary hearing. *Id.* at 33:19-34:5. The court found that White's motion was really an attack on the court's approval of the sale of the property. *Id.* at 33:6-11.

### III.

Final orders of a bankruptcy court are appealable to a federal district court under 28 U.S.C. § 158(a). *In re Gourlay*, 496 B.R. 857, 859 (E.D. Mich. 2013). "Th[is] Court reviews a bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *Id*. (citing *AMC Mortg. Co. v. Tenn. Dep't of Revenue,* 213 F.3d 917, 920 (6th Cir.2000)).

### A.

With respect to the motion to compel costs, only the Bankruptcy Court's conclusions of law are at issue. The court made no finding as to whether the alleged costs were actually incurred, other than the adequate protection payment that the court had previously ordered.

11 U.S.C. § 506(c) provides: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such

property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property."

Other than Trustees, who are explicitly granted the right under the statute, the only other parties "empowered to invoke the provision" are Chapter 11 debtors-in-possession, "as they are expressly given the rights and powers of a trustee by 11 U.S.C. §1107." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000).

As White is a Chapter 7 debtor, he is not empowered to invoke the provision of 11 U.S.C. § 506(c). White notes that the case was converted from Chapter 11 to Chapter 7 on August 22, 2014, and seeks to recover the costs he incurred prior to that conversion. However, *Hartford* expressly precludes this: "[Chapter 11], is by its terms inapplicable here, since petitioner's attempt to use § 506(c) came after the bankruptcy proceeding was converted from Chapter 11 to Chapter 7." *Id.* at 8. Accordingly, the Bankruptcy Court's denial of the motion will be affirmed.

With respect to the motion for an evidentiary hearing, the bankruptcy court found that White identified no material factual disputes. The court found that the Trustee had submitted complete annual reports. The court also found that White identified no omissions or misrepresentations in the reports. The court concluded that there were nothing further to be explored at an evidentiary hearing, but that White was merely re-litigating the court's prior approval of the sale of the property. Indeed, after a lengthy dialogue with White, both the court and the Trustee were confused as to what the purpose of the requested evidentiary hearing was. White responded, in part: "My goal is that the property was improperly taken away from me. She had no right to – to request that the sale be approved. This court was wrong when it approved that sale." Hr'g Tr. at 29: 4-7, Bkr. ECF No. 731. A review of the court's factual findings reveals no clear error. Accordingly, the denial of the motion will be affirmed.

**IV.**

Accordingly, it is **ORDERED** that the Bankruptcy Court's orders denying debtor's corrected motion to compel trustee to pay debtor's costs of sale expenses from the sale proceeds of 11085 Block Road and denying recovery pursuant to 11 U.S. 506(c) (Bkr. ECF No. 696.), and denying debtor's request for evidentiary hearing on bankruptcy estate's financial condition. (Bkr. ECF No. 697) are **AFFIRMED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 22, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 22, 2018.

s/Kelly Winslow
KELLY WINSLOW, Case Manager