UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:  Michael B. White and
      Darla Kay White,

           Debtors,

MICHAEL B. WHITE, and
DARLA KAY WHITE,

           Appellants,           Case No. 17-cv-12394
v.                                                                   Honorable Thomas L. Ludington

COLLENE K. CORCORAN, United States Trustee,      Bankruptcy Case No. 13-21977-dob
Frankenmuth Credit Union

           Appellees.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION AND DENYING EX PARTE MOTION FOR EXTENSION OF TIME

On September 25, 2017, Debtor Michael B. White (White), proceeding pro se, initiated an appeal of the Bankruptcy Court's order denying debtor's corrected motion to compel trustee to pay debtor's costs of sale expenses from the sale proceeds of 11085 Block Road and denying recovery pursuant to 11 U.S. 506(c). Bkr. ECF No. 696. White also appeals the Bankruptcy Court's order denying his request for an evidentiary hearing concerning the bankruptcy estate's financial condition. Bkr. ECF No. 697. The Court denied the appeal and affirmed the Bankruptcy Court's order. On February 2, 2018, White filed a "motion for reconsideration or clarification." ECF No. 12. On February 13, he filed a "Motion for an Extension of Time to File a Brief in Support of Reinstating Michigan Circuit & Appeal Litigation Against Frankenmuth Credit Union." ECF No. 13.

**I.**

Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party can file a motion for reconsideration of a previous order, but must do so within fourteen days. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**II.**

White's motion for reconsideration begins by articulating the Court's error as follows:

> The U.S. District Court has not, and Appellant believes cannot articulate how the Bankruptcy Court acted within the Bankruptcy Code by approving a money losing sale of 11085 Block Road and not approving per adequate protection preservation costs for a property determined not to belong to Debtor. It is clear error for a Bankruptcy Court to step out of the Bankruptcy Code. In the alternative, if the Bankruptcy Court believed it acted properly but was presented false or materially inaccurate information, why Trustee should not be held accountable for the damages her fraud, errors, or omissions created.

Mot. at 1, ECF No. 12. White's theory regarding the bankruptcy court's lack of authority to approve the sale was an overarching theme throughout the chapter proceedings. It bears repeating, however, that White appealed two specific orders of the bankruptcy court. White challenged the bankruptcy court's order denying him reimbursement of expenses he allegedly

incurred for care, maintenance, and preservation, during the time he lived at the property. White also challenged the bankruptcy court's order denying him an evidentiary hearing on the financial condition of the estate. Thus, his challenge to the authority of the bankruptcy court to approve the sale is non-responsive to any component of this Court's January 22 order.

White also states that "if the Bankruptcy Court believed it acted properly but was presented false or materially inaccurate information, why Trustee should not be held accountable for the damages her fraud, errors, or omissions created." *Id.* Simply put, the bankruptcy court did not find that it was presented any false or materially inaccurate information, and found no need for a hearing.

The remainder of the motion for reconsideration engages in various discussion of bankruptcy law issues. It is non-responsive to this Court's order, and does not attempt to identify any palpable error. Other than the introductory paragraph, the only other discussion of the Court's order comes in the second to last paragraph of the motion at page ten, in which White states:

> As this U.S. District Court has acknowledged at page 4 of its Order Affirming Bankruptcy Court, Hartford Underwriters Ins Co v Union Planters Bank, N.A., 530 U.S. 1, 6 (2000) grants Chapter 11 debtors-in-possession have the right to invoke the provisions of 11 USC 506( c). Both this U.S. District Court and the Bankruptcy Court made clear error causing harm to Debtor that Debtor is not entitled to surcharge the credit union because of adequate protection orders. Nothing within the Supreme Court ruling places such a limit on Debtor, secondly the adequate protection order was October 22, 2014, and the conversion to Chapter 7 was August 22, 2014. As stated in Whites brief the $18,529.05 of the preservation costs where while Debtors were Chapter 11 Debtor-in-possession, and before the adequate protection order. Neither this U.S. District Court or the Bankruptcy Court made any explanation why Frankenmuth Credit Union is entitled to a free-ride at Debtor's expense, but for, Debtor paying the expenses either the credit union or Trustee would have been required to pay them. Further, neither court, nor Trustee, or the credit union offered any explanation that the property could have been more effectively preserved, or at a lower cost, than as provided by Debtors.

Mot. at 10.

White is correct that the Court did note at page 4 of its order that Chapter 11 debtors-in-possession have the right to invoke the provisions of 11 U.S.C. 506(c). The Court went on to note however, that White, as a Chapter 7 debtor, could not invoke the provision, and did not attempt to do so until the proceeding was converted from Chapter 11 to Chapter 7. Thus, White's argument is non-responsive to the Court's order and identifies no palpable defect.

With respect to White's "Motion for an Extension of Time to File a Brief in Support of Reinstating Michigan Circuit & Appeal Litigation Against Frankenmuth Credit Union," ECF No. 13, the motion will be denied, as it is unclear what relief White is seeking or what pending action he is referring to. If White is referring to a Michigan Circuit Court litigation, this Court has no jurisdiction to grant him any extensions to file papers in Michigan Circuit Court.

### III.

Accordingly, it is **ORDERED** that the Motion for Reconsideration, ECF No. 12, is **DENIED**.

It is **FURTHER ORDERED** that the Ex Parte Motion for Extension of Time to File Brief in Support of Reinstating Michigan Circuit and Appeal Litigation, ECF No. 13, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 2, 2018

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 2, 2018.

          s/Kelly Winslow
          KELLY WINSLOW, Case Manager